## Economy Borough Municipal Authority v. Ambridge Water Authority

*David G. Joyce,* for plaintiff.
*Robert J. Taylor,* for defendant.

MANNIX, *J.,* September 30, 1986—This matter is presently before the court on plaintiff authority's motion for peremptory judgment filed pursuant to Pa. Rule of Civil Procedure 1098. That rule provides for said motion to be granted in mandamus actions where (1) there exists no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. In reviewing said motion, the standard to be applied is identical to that which applies when reviewing a motion for summary judgment in the ordinary civil case (i.e., the testimony must be viewed in the light most favorable to the non-moving party). In this case, the pertinent facts, as established by the testimony and exhibits, are as follows:

1. Plaintiff is a sewer authority which owns and operates a series of sewer lines and treatment plants throughout the Borough of Economy by which it collects and treats sanitary sewage from local residences and businesses.

2. Defendant is a water authority which owns and operates various water lines and appurtenances situate in both Ambridge Borough and the Borough of Economy by means of which defendant supplies water to local residences and businesses in each municipality.

3. On October 2, 1975, plaintiff and defendant entered into an agreement whereby provision was made "for the turning off of water service by the [water] Authority when requested to do so by the Sewer Authority in cases of sewer users who are delinquent in the payment of sewer rentals."

4. Said agreement further provided:

"The Sewer Authority shall save the Authority harmless from all liability arising directly or indirectly out of the act of discontinuing water service to those persons or individuals as directed by the said Sewer Authority."

5. Said agreement was entered into pursuant to the Act of April 14, 1949, P.L. 482, 53 P.S. §2264, which statutorily authorizes such an agreement between a municipal authority and a water utility.

6. There is no evidence that the agreement has been modified in any manner during the intervening years, although it does appear that defendant did attempt to initiate discussions regarding renewal and possible modification of certain provisions of the agreement by letter dated April 25, 1986, at least three weeks after the events herein described.

7. By certified letter dated March 4, 1986, and in accord with statutory authority, plaintiff notified one of its customers, E. Phillip Williams, of an outstanding balance in an amount exceeding $500 and of its demand upon the Water Authority to shut off Williams' water supply unless the balance was paid within 10 days of the date of said letter. Williams was also informed of his right to dispute plaintiff's claim by offering a defense to it in a sworn statement.

8. A sworn statement was received by plaintiff within the critical time period, but it did not purport to dispute the amount claimed; rather, it simply sought plaintiff's further indulgence in regard to de-

layed payment of the claim. A substantial payment toward this customer's balance was subsequently received by plaintiff on April 1, 1986.

9. Plaintiff proceeded with the water shut-off and so notified defendant by letter dated April 8, 1986, directed to

Ambridge Water Authority<br>
1001 Merchant Street<br>
Ambridge, PA.<br>
Attention: Mr. Hochevar, manager

10. On or about April 11, 1986, the water was turned off by defendant, but within a few days, water service was restored by the Water Authority, upon personal appeal of the customer, without any advance notice to or consultation with the Sewer Authority.

As a result of the above described events, plaintiff filed the subject complaint in mandamus on June 11, 1986, whereby it requested this court to enter a judgment against defendant and order defendant to perform its duty of shutting off water service in this and in other appropriate future cases when so requested by plaintiff. On July 1, 1986, defendant filed its answer, including new matter and a counterclaim, to which plaintiff subsequently responded. On July 2, 1986, plaintiff filed this motion for peremptory judgment which was accompanied by an affidavit taken of Richard H. Mattern, chairman of the Economy Borough Municipal Authority, in support of said motion. A hearing on the motion was held before this court on July 14, 1986, at which time the following witnesses testified:

For Plaintiff:
Richard H. Mattern
For Defendant:
Joseph Rodio, Business

Manager/Secretary
of defendant authority
Frank Dodaro, Member of Defendant
Authority

At the conclusion of said testimony, and by agreement of the parties, legal arguments were slated for and held on September 8, 1986.

At argument, defendant did not contest the facts set forth above; rather, defendant asserted that it was *legally justified* in restoring water service to the Williams property because Mrs. Williams had serious health problems and needed access to water service. Defendant's argument is without merit in light of the applicable statutory authority: 53 P.S. §2261 states specifically:

"If the owner or occupant of premises served by any water utility . . . shall neglect or fail to pay . . . any rental, rate or charge for sewer, sewerage or sewerage treatment service imposed by any municipality or municipal authority . . ., *such water utility is hereby authorized and required, at the request and direction* of the municipality or *of such authority . . . to shut off the supply of water* to such premises *until all such overdue rentals, rates and charges,* together with any penalties and interest thereon, *shall be paid."* (Emphasis added.) The law is clear to this court — there is *no* discretion vested in the supplying Water Authority to determine when it will or will not shut off the supply of water to an adjoining Municipal Authority's customer. The Water Authority is *required* to shut off water until such time as the charges due are paid by the customer. Any collateral issues, such as whether that customer has a just defense, are matters to be resolved between the customer and his Municipal Authority with resort to this court, if necessary. See, 53 P.S. §2261.

Defendant's position on the matter is exemplified by the following exchange taken from pages 50-51 of the transcript of the hearing:

The court: Once you enter into an agreement with an adjoining municipality or authority . . .

Witness: We try to honor that agreement as far as practical, providing there is no health problems or everything is resolved.

The Court: So you are saying the final judgment, since the water is yours, should be that of your Authority and not that of the servicing Authority, in this case, it was Economy Municipal Authority. That is what you are saying, isn't it?

Witness: In a round-about way, that is exactly what I am saying.

It is clear from this exchange that, in contrast to the applicable statute and the terms of the existing October 2, 1975 agreement between the parties, defendant authority has erroneously concluded that, as a matter of law, it has the final say in determining when or when not to shut off the water supply to a delinquent customer of plaintiff authority.

We do not agree with this conclusion and, since there exists no genuine issue of material fact, we are compelled to grant the plaintiff's motion for peremptory judgment.

Wherefore, the following order is entered.

## ORDER

And now, this September 30, 1986, for the reasons set forth in the opinion filed herewith, the motion of plaintiff, Economy Borough Municipal Authority, for peremptory judgment in mandamus is hereby granted and judgment is hereby entered against defendant, Borough of Ambridge Water Authority.

The action of defendant Water Authority in restoring water service to the E. Phillip Williams residence in April of 1986 is hereby declared unlawful and in violation of both the October 2, 1975 agreement between defendant and plaintiff as well as the Municipal Corporation Law (53 P.S. §2261) of this Commonwealth.

Further, it is hereby ordered that defendant Water Authority comply with the April 8, 1986, written directive from plaintiff authority to proceed with the water shut-off at the E. Phillip Williams residence at 565 Moon Ridge Drive, Freedom, Pa.

Finally, all records costs of this proceeding are placed on defendant, Borough of Ambridge Water Authority.